JH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JERRY HERVEY | No. 12 CR 886<br><br>Magistrate Judge Geraldine Soat Brown |

<u>PROTECTIVE ORDER GOVERNING DISCOVERY</u>

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. In accordance with its disclosure obligations under Section 2518(9) and Rule 16.1, the government intends to produce to defendant and defendant's counsel copies of the sealed applications, affidavits, and orders authorizing the interception of wire communications in this case.[1]

5. The government requests this Court to direct that the release of the applications, affidavits, and court orders, as well as any recordings, reports, and other materials that may be turned over in connection with this matter be subject to the conditions set forth in the proposed protective order.

6. The need for a proposed protective order arises from the significant constraints imposed by the federal wiretap statute, 18 U.S.C. §§ 2510-2520, on the disclosure and use of electronic surveillance information. Subsumed in these constraints and, indeed, a driving force behind them, is the protection of the privacy interests of persons including third parties who were intercepted in the electronic surveillance but who not have been charged. Although the wiretap applications, affidavits and orders are being disclosed to defendants in accordance with 18 U.S.C. § 2518(9), they otherwise remain under seal pursuant to 18 U.S.C. § 2518(8)(b). These materials may be further disclosed only "upon a showing of good cause before a judge of competent jurisdiction." 18 U.S.C. § 2518(8)(b); *In re Applications of Kansas City Star,* 666 F.2d 1168, 1175-76 (8th Cir. 1981) (observing that the district court's order which barred defendant and his attorneys from disclosing wiretap applications, orders and intercepted conversations was "highly appropriate considering the 'privacy of other people'" and noting that the good cause requirement of the statute

---

[1] The applications, affidavits, and orders contain sensitive personal identifying information, as well as information, the disclosure of which could have a detrimental impact on the government's continuing investigation and the safety of witnesses. Therefore, the government intends to redact certain information from these pleadings prior to their disclosure to defendant and defendant's counsel.

2

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

9. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

GERALDINE SOAT BROWN
Magistrate Judge
United States District Court
Northern District of Illinois

Date: Nov 20, 2012